IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DONNA JEFFERSON LEWIS,          )
                                )
               Plaintiff,       )
                                )
     v.                         )         1:15CV298
                                )
ALAMANCE COUNTY DEPARTMENT      )
OF SOCIAL SERVICES, et al.,     )
                                )
               Defendants.      )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Expedite Discovery. (Docket Entry 10.) For the reasons that follow, the Court will deny the instant Motion.

### BACKGROUND

Plaintiff's Complaint alleges, inter alia, that Defendants violated her due process rights under both the United States and North Carolina Constitutions by suspending her state license to operate a rest home. (Docket Entry 1 at 10-16.) Upon filing her Complaint, Plaintiff also filed (and amended) a Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. (Docket Entries 2, 4.) The Court (per United States District Judge Loretta C. Biggs) denied that Motion as to its request for a temporary restraining order, but did not resolve the requests for preliminary or permanent injunctions. (Docket Entry 7.)

Plaintiff now endeavors to conduct expedited discovery in connection with her pending Motion for Preliminary Injunction. (Docket Entry 10 at 1.) Specifically, Plaintiff seeks to serve requests for production of documents on Defendants Alamance County Department of Social Services ("ACDSS") and North Carolina Department of Health and Human Services ("NCDHHS") and to depose Defendants Morrow-Jennings and Lewis-McCall (both employees of Defendant ACDSS). (Id. at 1-2.) Defendants ACDSS and NCDHHS responded in opposition (Docket Entries 24, 25) and Plaintiff replied (Docket Entry 27).

## DISCUSSION

The Federal Rules of Civil Procedure generally provide no access to discovery until the parties have conducted an initial pretrial conference and established a plan for such discovery. Fed. R. Civ. P. 26(d)(1) (citing Fed. R. Civ. P. 26(f)). However, "[c]ourts have granted expedited discovery when unusual circumstances exist." ForceX, Inc. v. Technology Fusion, LLC, No. 4:11CV88, 2011 WL 2560110, at *4 (E.D. Va. June 27, 2011) (unpublished) (internal quotation marks omitted). "A specific standard for evaluating expedited discovery requests is not set out in the Federal Rules of Civil Procedure nor has [the Fourth Circuit] established such a standard." L'Occitane, Inc. v. Trans Source Logistics, Inc., No. WMN-09-CV-2499, 2009 WL 3746690, at *2 (D. Md. Nov. 2, 2009) (unpublished). In evaluating such requests,

district courts in the Fourth Circuit have followed two approaches: one looks to the reasonableness of the request, taking into account the totality of the circumstances, and the other follows a modified form of the preliminary injunction test. ForceX, 2011 WL 2560110, at *5.

The United States District Court for the Eastern District of North Carolina adopted the reasonableness test for expedited discovery in 2005. Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005). Under that test, a court facing a motion for expedited discovery in connection with a request for preliminary injunction may consider the timing of the motion, whether the party seeking discovery has narrowly tailored its requests to gather information relevant to a preliminary injunction determination, and whether the requesting party has shown a likelihood of irreparable harm without access to expedited discovery. Id. at 531-32. However, since that adoption by the Eastern District of North Carolina, the United States Supreme Court endorsed a stricter standard for obtaining a preliminary injunction, which requires a clear showing by the party seeking the injunction "'[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in h[er] favor, and [4] that an injunction is in the public interest.'" Rebel Debutante LLC v. Forsythe Cosmetic Grp., Ltd., 799 F. Supp.

2d 558, 568 (M.D.N.C. 2011) (Schroeder, J.) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).[1]

In light of that development, the United States District Court for the Eastern District of Virginia "disagree[d] that the reasonableness standard is in line with the reasoning of the Supreme Court and the Fourth Circuit when it sought to curtail emergency relief, and provide such relief only in unusual or extraordinary circumstances." ForceX, 2011 WL 2560110, at *5. That court reasoned that "[t]he balancing of hardships [as to preliminary injunctions] has been discounted by the Supreme Court in favor of proof on each of the four elements, and emphasis placed on a strong showing of success on the merits of the action by the [p]laintiff, and a showing that irreparable harm is 'likely' and not simply 'possible.'" Id. Accordingly, that court denied expedited discovery on the basis that the moving party had not adequately shown (1) a likelihood of success on the merits of the case or (2) irreparable harm in the absence of expedited discovery. Id. at *6-7.

---

[1] The previous test in the Fourth Circuit for a preliminary injunction relied on similar concerns, but required courts to perform a factors-based balancing of hardships between the parties - as opposed to necessitating a clear showing by the moving party as to all elements. See generally Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 345-46 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), restated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010).

-4-

In the instant matter, Plaintiff asserts that the reasonableness test should apply. (Docket Entry 11 at 5-6; Docket Entry 27 at 9.) Defendant NCDHHS appears to agree with Plaintiff (see Docket Entry 26 at 3-4), whereas Defendant ACDSS asserts that Plaintiff "cannot satisfy either standard" (Docket Entry 24 at 4). Ultimately, the Court need not determine which test to apply, because it agrees with Defendant ACDSS that Plaintiff has failed to satisfy either standard.

Specifically, the Court notes that under either test, the moving party must show a likelihood of irreparable harm without access to early discovery. Compare ForceX, 2011 WL 2560110, at *7 (modified preliminary injunction test), with Dimension Data, 226 F.R.D. at 532 (reasonableness test). In that regard, Plaintiff contends:

> Last, in weighing the potential prejudice or hardship to [Defendants] as against the harm to [Plaintiff] in not being able to discover and introduce evidence of these Defendants' improper activities in support of her request for preliminary injunctive relief, the harm to [Plaintiff] substantially outweighs any burden the Defendants may assert in having to respond to such limited discovery in a lawsuit that arose from its earlier refusal to provide [Plaintiff] a hearing.

(Docket Entry 11 at 9-10.)[2] Plaintiff thus appears to argue, in a circular fashion that, should the Court deny her access to expedited discovery, she would suffer the harm of not having access

---

[2] Pin citations to this document refer to the page numbers in the footer appended upon filing via the CM/ECF system.

-5-

Case 1:15-cv-00298-LCB-LPA   Document 28   Filed 05/06/15   Page 5 of 7

to expedited discovery.  (See id.)  Plaintiff's instant filings otherwise fail to address the issue of irreparable harm as it concerns access to expedited discovery, or even the broader issue of whether Plaintiff will suffer irreparable harm without a preliminary injunction.  (See Docket Entry 11 at 1-11; Docket Entry 27 at 1-11.)  As Defendant NCDSS observed, the only apparent, ongoing harm suffered by Plaintiff is the loss of revenue due to the suspension of her license, and such financial injury does not qualify as irreparable harm.  (Docket Entry 26 at 6 (citing Sampson v. Murray, 415 U.S. 61, 90 (1974)).)  Such circumstances alone cannot support Plaintiff's requests to conduct depositions and serve document requests outside the ordinary discovery schedule, even under the reasonableness test.  See Dimension Data, 226 F.R.D. at 531 (finding ongoing loss of revenue insufficient to satisfy irreparable harm finding necessary to support access to early discovery).

Nor do Plaintiff's discovery requests appear targeted at gathering information relevant to showing irreparable harm, or otherwise tailored toward obtaining a preliminary injunction.  In that regard, Plaintiff seeks to discover all communications between Defendants (as well as communications with the Sheriff's Department) pertaining to their investigations of Plaintiff's facility and, further, to depose two individual Defendants concerning those communications.  (See Docket Entry 11 at 10-11.)

Beyond the fact that these communications may bear relevance to the ultimate merits of Plaintiff's case (and thus might plausibly support a likelihood of success on the merits under the preliminary injunction standard), they do not appear specifically relevant to obtaining a preliminary injunction. See Dimension Data, 226 F.R.D. at 532 (rejecting expedited discovery request which "could be more narrowly tailored to focus on information believed to be probative to the preliminary injunction analysis"). Simply put, without, at minimum, some showing of irreparable harm - or the ability to prove such harm with access to expedited discovery - Plaintiff must wait until the parties have adopted a scheduling order to obtain such discovery.

                              CONCLUSION

Plaintiff has failed to demonstrate unusual circumstances to support expedited discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Expedite Discovery (Docket Entry 10) is **DENIED**.

                                    /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                              **United States Magistrate Judge**

May 6, 2015